**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000088
30-MAY-2019
08:12 AM**

NO. CAAP-18-0000088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMIELEE NAPUA PIRES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNE'OHE DIVISION
(CASE NO. 1DTA-17-01016)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Jamielee Napua Pires (**Pires**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered by the District Court of the First Circuit, Kāne'ohe Division (**District Court**)[1] on January 17, 2018. Pires was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2016).[2] Pires contends that the District Court erred by denying her motion to suppress statements, and that without the improperly admitted evidence

---

[1] The Honorable Patricia A. McManaman presided.

[2] HRS § 291E-61 provides, in relevant part:

    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

there was insufficient evidence to support her conviction.  For the reasons explained below, we affirm the Judgment.

## I.

On March 14, 2017, Pires was charged with OVUII[3] because of an incident that took place on February 11, 2017.  She pleaded not guilty and was tried by the District Court on October 4, 2017, and on January 17, 2018.  Honolulu Police Department **(HPD)** Sergeant Robert Beatty testified that at approximately 2:00 a.m. on February 11, 2017, he was driving behind Pires's car.  He saw Pires's car make a right turn against a red signal light without stopping.  Sergeant Beatty followed Pires.  He saw her car occupying two lanes and weaving left to right.  He stopped Pires and approached her car.  Pires was seated in the driver's seat.  She was not able to produce a driver's license, and showed Sergeant Beatty a Hawai'i state identification card.  Sergeant Beatty noticed a strong odor of alcoholic type beverage on Pires's breath.  Her face was flushed and her eyes were red and glassy.  Sergeant Beatty asked Pires why she did not have her driver's license with her, and Pires admitted her license had been revoked.

HPD officer Lei Ann Yamada arrived at the scene. Sergeant Beatty instructed Officer Yamada to see if Pires would perform a standard field sobriety test.  Officer Yamada conducted the field sobriety test and informed Sergeant Beatty of the results.  Officer Yamada did a preliminary alcohol screening on Pires, informed Sergeant Beatty of the result, and said she felt that Pires was under the influence.  Pires was informed that she was being arrested.  Pires became belligerent and told Sergeant Beatty, "Fuck you."  Sergeant Beatty told Pires, "You should just keep quiet."  Pires became quiet after Sergeant Beatty told her the officers were still deciding what to do with her car.

---

[3]  Pires was also charged with, and found not guilty of, driving without a license in violation of HRS § 286-102 (Supp. 2016) and driving without motor vehicle insurance in violation of HRS § 431:10C-104(a) (2005).

Officer Yamada testified that Sergeant Beatty instructed her to perform a standard field sobriety test on Pires. Officer Yamada smelled the odor of alcoholic type beverage coming from Pires. Pires answered "no" to the medical rule-out questions. Pires was grinning and laughing during the horizontal gaze nystagmus test, and swayed side-to-side. Pires told Officer Yamada she understood the instructions for the heel-to-toe and one-leg stand tests. She twice started the heel-to-toe test too soon, and could not keep her balance. She missed heel-to-toe, raised her arms, took the wrong number of steps, stepped off the imaginary line, failed to execute the turn properly, and was grinning and laughing throughout the test. During the one-leg stand test, Pires raised her arms "almost to a T" for the entire test. She put her foot down, hopped, and used a car to hold herself up. After completing the field sobriety test, Officer Yamada asked Pires if she wanted to take the preliminary alcohol screening, then arrested Pires for OVUII. Officer Yamada described Pires's reaction:

> [S]he was like, For real? Are you fuckin' serious? Can't you fuckin' give me a fuckin' tag? I'm a single mom. I need to go home. I have three kids. And she kept going on and she started to say, And who was that other fuckin' dumbass officer? He had no fuckin' right to stop me. And she kept ranting on.

The State rested. The District Court denied Pires's motion for judgment of acquittal. The defense rested without calling any witnesses. The District Court denied Pires's motion to suppress. The District Court found Pires guilty of OVUII. This appeal followed.

## II.

### A.

Pires contends that the District Court erred in denying her motion to suppress her statements to the police and her performance on the field sobriety test because she was never

3

informed of her <u>Miranda</u>[4] right to remain silent, citing <u>State v. Tsujimura</u>, 140 Hawai'i 299, 400 P.3d 500 (2017). <u>Tsujimura</u> is inapposite. The issue in that case was whether the defendant's pre-arrest silence could be used substantively as an implication of guilt, not whether <u>Miranda</u> warnings were required. <u>Id.</u> at 311-14, 400 P.3d at 512-15.

The standard field sobriety test does not seek either communication or testimony, and instead involves an exhibition of "physical characteristics of coordination[.]" <u>State v. Wyatt</u>, 67 Haw. 293, 303, 687 P.2d 544, 551 (1984). Real or physical evidence obtained from a suspect is distinct from communicative or testimonial evidence and does not violate a person's right to remain silent. <u>Id.</u> at 302-03, 687 P.2d at 551 (citing <u>Schmerber v. Californa</u>, 384 U.S. 757, 763-64 (1966)); <u>see also</u> <u>State v. Higa</u>, No. CAAP-17-0000544, 2018 WL 3154570, at *3 (Haw. App. June 28, 2018) (SDO), <u>and</u> <u>State v. Kahana</u>, No. CAAP-17-0000359, 2018 WL 2316511, at *2 (Haw. App. May 22, 2018) (SDO).

Moreover, a traffic stop does not automatically require police to give a <u>Miranda</u> warning. <u>See</u> <u>State v. Kaleohano</u>, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002) (motorist pulled over for valid traffic stop not in custody for purposes of <u>Miranda</u>); <u>Berkemer v. McCarty</u>, 468 U.S. 420, 437-39 (1984) (persons temporarily detained pursuant to ordinary traffic stops are not in custody for purposes of <u>Miranda</u>). The determination whether a defendant was "in custody" requiring that a <u>Miranda</u> warning be given "is to be made by objectively appraising the totality of the circumstances" including "the place and time of the interrogation, the length of the interrogation, the nature of the questions asked, the conduct of the police, and all other relevant circumstances." <u>State v. Melemai</u>, 64 Haw. 479, 481, 643 P.2d 541, 544 (1982) (citations omitted). Pires argues that Sergeant Beatty admitted having probable cause to arrest her

---

[4] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

after observing her driving, stopping her and smelling alcohol on her breath. Sergeant Beatty clarified or corrected his statement with regard to probable cause, saying that he did not believe that he had probable cause to arrest Pires without determining whether she would participate in the field sobriety test. Furthermore probable cause to arrest may play a significant role in the application of the <u>Miranda</u> rule, but it is not determinative. <u>Melemai</u>, 64 Haw. at 481, 643 P.2d at 544.

In this case, Pires was stopped after a police officer saw her run a red light and drive in two traffic lanes at the same time, her vehicle swerving. A police officer asked Pires the medical rule-out questions and whether Pires understood the standard field sobriety test instructions in a noncoercive manner, at the scene, in a public place, immediately after the police developed a reasonable suspicion that Pires was OVUII. Under the totality of the circumstances in this case, Pires was not in custody for <u>Miranda</u> purposes. <u>State v. Meyer</u>, No. CAAP-17-0000420, 2019 WL 181144, at *4 (Haw. App. Jan. 14, 2019) (SDO) (citing <u>State v. Ketchum</u>, 97 Hawai'i 107, 127, 34 P.3d 1006, 1026 (2001)); <u>State v. Chang</u>, No. CAAP-17-0000674, 2018 WL 3197483, at *2 (Haw. App. June 29, 2018), <u>cert. granted</u>, No. SCWC-17-0000674, 2019 WL 168674 (SDO).

**B.**

Pires also contends that there was insufficient evidence to support her conviction.

> The courts have long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. Substantial evidence is evidence which a reasonable mind might accept as adequate to support the conclusion of the fact finder. Matters related to the credibility of witnesses and the weight to be given to the evidence are generally left to the factfinder. The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence. Thus, we need not necessarily concur with a trial court's particular finding in order to sustain a conviction.

State v. Mitchell, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000) (citations and quotation marks omitted).  The testimony of Sergeant Beatty and Officer Yamada, when considered in the strongest light for the prosecution, was sufficient to support Pires's conviction.

For the foregoing reasons, the Judgment entered by the District Court on January 17, 2018, is affirmed.

DATED: Honolulu, Hawai'i, May 30, 2019.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge